12-60-cv
GMAC Real Estate, LLC v. Fialkiewicz, Jr., et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of December, two thousand twelve.

PRESENT:  GUIDO CALABRESI,
          GERARD E. LYNCH,
          DENNY CHIN,
                    *Circuit Judges.*
_____

GMAC REAL ESTATE, LLC,
                    *Plaintiff-Appellant*,

          v.                                    No. 12-60-cv

JULIUS R. FIALKIEWICZ, JR., REALITY WORKS,
LLC, d/b/a REALTY WORKS GMAC REAL ESTATE,
                    *Defendants-Appellees*,

L. GARDNER GRAVES, JR.,
                    *Defendant*.

_____


FOR APPELLANT:          PAUL J. HALASZ (Jesse C. Ehnert, *on the brief*), Day
                        Pitney LLP, Parsippany, New Jersey.

FOR APPELLEES:          JOSHUA A. HAWKS-LADDS (Megan Y. Carannante,
                        *on the brief*), Pullman & Comley LLC, Hartford,
                        Connecticut.

Appeal from the United States District Court for the District of Connecticut (Robert N. Chatigny, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Appellant GMAC Real Estate, LLC ("GMAC") appeals an order of the district court denying its petition to vacate an arbitration award and granting the cross-motion of appellees Julius R. Fialkiewicz, Jr. and Realty Works, LLC ("Realty Works") to have the award confirmed. We assume the parties' familiarity with the underlying facts and procedural history.

Appellant argues that the arbitration award should be vacated because the arbitrator manifestly disregarded the law when he found that GMAC had violated the Connecticut Business Opportunity Investment Act ("CBOIA"), Conn. Gen. Stat. § 36b-60 *et seq.*[1] "When a party challenges the district court's review of an arbitral award under the manifest disregard standard, we review the district court's application of the standard de novo." GMS Grp., LLC v. Benderson, 326 F.3d 75, 77 (2d Cir. 2003). In turn, the manifest disregard standard is "highly deferential to the arbitrator[], and relief on such a claim is therefore rare."

---

[1]There is some doubt as to whether "manifest disregard" is an independent basis for vacatur of an arbitration award. See T. Co. Metals, LLC v. Dempsey Pipe & Supply, Inc., 592 F.3d 329, 338, 339-40 (2d Cir. 2010), citing Hall St. Assocs., LLC v. Mattell, Inc., 552 U.S. 576 (2008). However, as discussed *infra*, appellant cannot satisfy the manifest disregard standard, and we therefore need not address its continued validity. See STMicroelectronics, N.V. v. Credit Suisse Sec. (USA) LLC, 648 F.3d 68, 78 (2d Cir. 2011) ("Even if we assume the survival of the standard, Credit Suisse has failed to meet it by a long shot.").

STMicroelectronics, N.V. v. Credit Suisse Sec. (USA) LLC, 648 F.3d 68, 78 (2d Cir. 2011) (internal quotation marks omitted). To obtain relief, the petitioner must establish an "egregious impropriety on the part of the arbitrator[]." Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 389 (2d Cir. 2003). This Court "will not vacate an award because of a simple error in law or a failure by the arbitrators to understand or apply it but only when a party clearly demonstrates that the [arbitrator] intentionally defied the law." STMicroelectronics, 648 F.3d at 78 (internal quotation marks omitted); see Duferco, 333 F.3d at 389 (petitioner must establish that arbitrator "refused to apply [the law], in effect, ignoring it"). This stringent standard applies even where, as here, the arbitrator failed to explain the award. Duferco, 333 F.3d at 390. In such circumstances, the award will be enforced "if there is a *barely colorable justification* for the outcome reached." Wallace v. Buttar, 378 F.3d 182, 190 (2d Cir. 2004); see STMicroelectronics, 648 F.3d at 78 ("Where, as here, the arbitrators do not explain the reason for their decision, we will uphold it if we can discern any valid ground for it."); Duferco, 333 F.3d at 390 ("Even where explanation for an award is deficient or non-existent, we will confirm it if a justifiable ground for the decision can be inferred from the facts of the case.").

According to GMAC, the arbitrator manifestly disregarded the law in two respects. First, GMAC argues that the franchise agreement includes a term licensing two trademarks to Realty Works, "GMAC Real Estate" and "Premier Service," and that it therefore falls within an exception to the CBOIA for "the sale of a marketing program made in conjunction with the licensing of a registered trademark." Conn. Gen. Stat. § 36b-61(2)(D). Arguably,

3

however, "GMAC Real Estate" is not a federally registered mark as required by the CBOIA, and "Premier Service" was not licensed in conjunction with the franchise agreement. GMAC has identified no authority clearly on point that expressly rejects either of these possible rationales. It has therefore failed to establish that the arbitrator "intentionally defied the law," STMicroelectronics, 648 F.3d at 78 (internal quotation marks omitted).

Second, GMAC argues that the CBOIA does not apply because the franchise agreement was not a "'[b]usiness opportunity' . . . sold or offered . . . for the purpose of enabling the purchaser-investor to start a business," Conn. Gen. Stat. § 36b-61(2).[2] GMAC points out that Realty Works operated as a real estate broker both before and after it executed the franchise agreement. Precedent suggests, however, that a business may be "start[ed]" within the meaning of the CBOIA where a business-opportunity purchaser's existing business undergoes "substantial changes, modifications or additions" in connection with the purchase of the business opportunity. Eye Assocs., P.C. v. IncomRx Sys. Ltd. P'ship, 912 F.2d 23, 27 (2d Cir. 1990) (internal quotation marks omitted). The arbitrator heard testimony that Realty Works revised its accounting and marketing procedures in connection with the franchise agreement. Whether these changes are sufficiently substantial to overcome the existing-businesses exclusion is an inherently fact bound question. Where an issue is

---

[2] Appellees argue, and the district court held, that GMAC waived this argument by failing to present it to the magistrate judge. Because GMAC's argument clearly fails on the merits, we decline to address whether the district court abused its discretion in deeming the argument waived. See Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc., 448 F.3d 573, 580 (2d Cir. 2006) ("This Court may affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied." (internal quotation marks omitted)).

"inherently fact bound," a party can identify relevant precedent and "extrapolate broader principles from [it, but] it does not follow that all cases dealing with similar issues must reach the same result." STMicroelectronics, 648 F.3d at 79. Distinctions that are "at least barely colorable," id. (internal quotation marks omitted), can be drawn between this case and those cited by GMAC in which the existing-business exception was found to apply. Accordingly, it cannot be said that the arbitrator's application of the statute to the facts of this case – whether or not we would reach the same conclusion on de novo review – constitutes manifest disregard of the law.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court